**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**AUSA Nicholas Meyers**
Assistant U.S. Attorney
Nicholas.Meyers@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October 20, 2025

Peyton Lee
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

   Re:  *United States v. Trenten Edward Barker*, Case No. 3:25-mj-00176
       Plea Agreement Letter   3:25-cr-00439-AN

Dear Counsel:

1.  **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**:  Defendant agrees to plead guilty to Count 1 of the Information, which charges the crime of Arson of a Federal Building, in violation of Title 18, United States Code, Section 844(f)(1).

3.  **Penalties**:  The mandatory minimum sentence for this charge is five years of imprisonment. The maximum sentence is 20 years of imprisonment, a fine of $250,000, three (3 years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment on the day of sentencing or explain to the Court why this cannot be done.

4.  **Dismissal/No Prosecution**:  The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis**:  In order for defendant to be found guilty of Count 1 of the Information, the government must prove the following elements beyond a reasonable doubt:

    First, that the defendant maliciously damaged or destroyed (or attempted to damage or destroy);

    Second, by means of fire or explosive;

Third, any building, vehicle, or other real or personal property that was owned or possessed by, or leased to, the United States, or any department or agency thereof.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant also agrees that the following facts are true and could be proven beyond a reasonable doubt:

On June 11, 2025, Defendant attended a protest outside of the Immigration and Customs Enforcement (ICE) office located at 4310 S. Macadam Ave., in Portland, within the District of Oregon. On that date, the building was leased by the General Services Administration, an agency of the United States. The building had a security system and metal gate that restrict ingress and egress into the facility.

At approximately 9:45pm on June 11, 2025, individuals in the crowd of protestors began to move large objects and debris against the metal gate, preventing federal law enforcement officers from exiting through the gate. Shortly thereafter, Defendant, retrieved a flare from his backpack, ignited it, and threw it onto the pile of debris. The flare acted as a heat source and ignited the debris.

Federal officers within the ICE building responded to the fire and attempted to extinguish the flames. After approximately three minutes, officers were able to put out the fire. Defendant's actions damaged the ICE Building, specifically, the metal gate that restricts ingress and egress into the facility. Defendant knew the property belonged to the United States and that he had no lawful authority to damage it.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a). The parties agree that a Presentence Report (PSR) will be prepared and will not be waived. Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1

_____

**\*\*EARLY RESOLUTION:** If defendant agrees to resolve his case prior to the expiration of this plea agreement and waive indictment, the government will agree to recommend a 3-level downward variance and the low-end of the resulting range.

8.     **Advisory Guideline Calculations**: The parties stipulate and agree that the base offense level, pursuant to U.S.S.G. § 2K.1.4, is 24. The parties further stipulate to the following enhancements and resulting total offense level:

| U.S.S.G. § § 2K.1.4    Base Offense Level | 24 |
|---|---|
| U.S.S.G. § 3E1.1 Acceptance of Responsibility | -3 |
|  | 21 |

9.     **Variance or Adjustment for Certain "Zero-Point" Offenders**: The parties agree that no variance or adjustment pursuant to "Adjustment for Certain Zero-Point Offenders, USSG § 4C1.1, shall apply.

10.     **Sentencing Recommendation**: If Defendant agrees to resolve his case and demonstrates an acceptance of responsibility as described above, the government will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), **a within-guidelines sentence**, to be followed by three years of supervised release and a $100 special assessment. Defendant can recommend any lawful sentence.

11.     **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant reserves the right to seek any downward departures, adjustments, or variances from the sentencing guideline range.

12.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Peyton Lee
Trenten Barker Plea Letter
October 20, 2025
Page 4 of 6

13.  **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.  **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.  **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that

pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.    **Deadline**: This plea offer expires if not accepted by October 24, 2025.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Nicholas D. Meyers*
NICHOLAS D. MEYERS
Assistant United States Attorney

Peyton Lee
Trenten Barker Plea Letter
October 20, 2025
Page 6 of 6

_____

      I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

10/23/2025
Date

_____
Trenten Edward Barker
Defendant

      I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/23/2025
Date

_____
Peyton Lee
Attorney for Defendant